73 F.3d 368
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Max GATICA-CARREON, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70454.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1995.*
Decided Dec. 29, 1995.
 
 Before: SNEED, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Max Gatica-Carreon, a native and citizen of Nicaragua, petitions for review of the decision of the Board of Immigration Appeals ("BIA"), summarily dismissing pursuant to 8 C.F.R. Sec. 3.1(d)(1-a)(i)(A) his appeal of the immigration judge's denial of his applications for asylum, withholding of deportation, and suspension of deportation. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105(a), and we deny the petition for review.
 
 
 3
 The government contends that because Gatica-Carreon has failed to raise any issues regarding the BIA's summary dismissal in his opening brief, he has waived the right to challenge the BIA's decision. This contention has merit.
 
 
 4
 "Issues not raised in the opening brief usually are deemed waived." Dilley v. Gunn, 64 F.3d 1365, 1367 (9th Cir.1995). We have discretion, however, to consider improperly presented claims if the respondent is not misled and the issue has been fully explored. International Union of Bricklayers & Allied Craftsmen Local Union No. 20 v. Martin Jaska, Inc., 752 F.2d 1401, 1404 n. 4 (9th Cir.1985). Gatica-Carreon did not address the issue of the appropriateness of summary dismissal in his opening brief, and only raised the issue for the first time in his reply brief. The Immigration and Naturalization Service did not address the issue of summary dismissal in its brief, and the issue, therefore, has not been fully explored. Id. We conclude, therefore, that Gatica-Carreon has waived his right to challenge the BIA's summary dismissal. See Dilley, 64 F.3d at 1367.
 
 
 5
 In addition, "this court's review is limited to the decision of the BIA." Elnager v. INS, 930 F.2d 784, 787 (9th Civ.1991). Thus, we decline to consider Gatica-Carreon's direct challenge to the Immigration Judge's decision. See id.[1]
 
 
 6
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Gatica-Carreon requests that this court hold in abeyance its decision pending the BIA's decision on his motion for remand. We have jurisdiction to review the BIA's final order of deportation as a final appealable order pursuant to 8 U.S.C. Sec. 1105a(a). Although we have the power to stay our proceedings, we will do so only in extraordinary circumstances. Berroteran-Melendez v. INS, 955 F.2d 1251, 1254-55 (9th Cir.1992). Petitioner's request is denied